UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON D. HARVEY | CIVIL ACTION |
| VERSUS | NO. |
| SHELTER INSURANCE COMPANY a/k/a SHELTER MUTUAL INSURANCE COMPANY a/k/a SHELTER GENERAL INSURANCE COMPANY, | SECTION "_____" |
| GEICO INSURANACE COMPANY a/k/a GOVERNMENT EMPLOYEES INSURANCE COMPANY, a/k/a GEICO GENERAL INSURANCE COMPANY, | MAG. DIV. "_____" |
| PROGRESSIVE INSURANCE COMPANY a/k/a PROGRESSIVE SELECT INSURANCE COMPANY a/k/a PROGRESSIVE AUTO PRO INSURANCE COMPANY and MARTIN ZENTNER | JUDGE |
| | MAGISTRATE JUDGE |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, Shelter General Insurance Company ("Shelter'), through undersigned counsel, gives notice of removal and hereby removes the above-captioned action from the Civil District Court, Parish of New Orleans, State of Louisiana, where it is currently pending, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1441 *et seq.* Defendant files this Notice without waiving any defenses, exceptions or obligations that may exist in their favor in state or federal court. In support of this removal, Defendant alleges as follows:

**BACKGROUND**

1. This action, entitled *Sharon D. Harvey v. Shelter Insurance Company a/k/a Shelter Mutual Insurance Company, GEICO Insurance Company a/k/a Government Employees Insurance Company, a/k/a Progressive Insurance Company a/k/a Progressive Select Insurance Company a/k/a GEICO General Insurance Company a/k/a GEICO Indemnity Company, a/k/a GEICO Casualty Company, Progressive Insurance Company a/k/a Progressive Select Insurance Company a/k/a Progressive Auto Pro Insurance Company and Martin Zentner*, Number 13-212, Division "H-2," 19TH Judicial District Court, Parish of Orleans and styled "Petition for Damages" (the "Petition"), arises allegedly out of an insurance policy issued by Shelter to Defendant, Martin Zentner.

2. This suit was originally filed on January 9, 2013. Service was made on Shelter through the Louisiana Secretary of State on or about January 30, 2013.

3. Plaintiff alleges in its petition that Shelter issued an insurance policy to Defendant, Martin Zentner.

4. Plaintiff alleges that she sustain physical injuries and damages on or about February 22, 2012 when she was involved in an automobile accident as a passenger in a vehicle owned and operated by Kevin Kerwin. ¶'s 4-5.

5. Plaintiff claims that Defendants, Shelter, GEICO, Progressive and Zentner, are jointly, severally and *in solido* liable unto Plaintiff. Petition ¶ 2.

6. Plaintiff further has named multiple insurance defendants, Progressive, insurer of Kevin Kerwin and GEICO, insurer of Sharon Harvey, alleging that these defendants are liable to the plaintiff for her alleged "severe and permanently disabling injuries." Petition ¶'s 7-9.

7. Plaintiff further alleges that Defendants are liable to Plaintiff for damages exceeding "the underlying coverage of primary policies and further provides medial payment coverage for Plaintiff's damages." Petition ¶'s 7-8.

### THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1332 DIVERSITY OF CITIZENSHIP JURISDICTION

9. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332. There is complete diversity because all parties are diverse and the amount in controversy exceeds $75,000.

10. Plaintiff, Sharon D. Harvey, is a resident and citizen of Ft. Lauderdale, Broward County, State of Florida.

11. Defendant, Shelter General Insurance Company is a company organized under the laws of the State of Missouri with its citizenship and principal place of business in Columbia, Missouri.

12. Defendant, GEICO Insurance Company a/k/a Government Employees Insurance Company a/k/a GEICO General Insurance Company, a foreign insurance company with its citizenship and principal place of business in Maryland.

13. Defendant, Progressive Insurance Company, a/k/a Progressive Auto Pro Insurance Company is a company with its citizenship and principal place of business in Ohio.

14. According to the Petition, Defendant, Martin Zentner, is a person of the age of majority and a resident of and domiciled in the Parish of Orleans, State of Louisiana. Petition ¶'s 1(D).

15. Therefore there is complete diversity between the parties.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

16. Although Shelter denies any liability to the Plaintiff, there has been a demand by Plaintiff for Shelter's policy limits. Further, there is complete diversity and should any liability exist, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

17. Although Shelter denies any liability, the Shelter Policy issued to insured, Martin Zentner, provides coverage for bodily injury in the amount of $250,000 per person/$500,000. per accident bodily injury limits. Plaintiff alleges she is entitled to recover for losses "caused solely by the negligence of Defendant, Zentner..." Petition ¶ 5.

18. Plaintiff has also alleged she suffered "severe and permanently disabling injuries including herniated disc and Plaintiff itemizes her damages as follows:
    (a) Lost wages, past, and future, and loss of earning capacity;
    (b) Medical expenses, past and future;
    (c) Physical pain and suffering;
    (d) Mental pain and anguish;
    (e) Permanent physical impairment and disability; and
    (f) Loss of enjoyment of life." Petition ¶ 9.

16. Further, Plaintiff's Petition does not allege that the amount in controversy falls below $75,000, as required by Louisiana Code of Civil Procedure Article 893.

19. The Shelter insurance policy contains policy limits up to $500,000 for covered losses. Plaintiff's petition seeks full recovery. Petition ¶'s 9-10.

20. Diversity jurisdiction is proper as the named plaintiff satisfies the amount in controversy and the elements of diversity jurisdiction exist. All Defendants have diverse jurisdictions from that of the Plaintiff and Plaintiff's request for damages, the amount in controversy exceeds $75,000. Petition ¶'s 1-2.

**REMOVAL IS PROPER AS DEFENDANT HAS SATISFIED
THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

21. Service was effected on Defendants, Shelter, Progressive and GEICO by January 30, 2013. Therefore, thirty (30) days have not elapsed since the defendant was served with a copy of the Petition that contains claims over which this Court has jurisdiction. *See Exhibit "A."*

22. The United States District Court for the Eastern District of Louisiana encompasses Orleans Parish, the parish in which the state court action is now pending. Therefore, this venue is proper pursuant to 28 U.S.C. §1441(a).

23. Defendants, GEICO and Progressive were served with the Petition on January 30, 2013 and have consented to the removal of this case.

24. Pursuant to 28 U.S.C §1446(d), written notice of the filing of this Notice of Removal has been given to all adverse parties and a copy of the Notice has been filed with the clerk of the Civil District Court, Parish of Orleans, State of Louisiana. A copy of the notice filed in the Civil District Court, Parish of Orleans, State of Louisiana, without attachments, is attached as *Exhibit "B."*

25. Pursuant to 28 U.S.C. § 1446(a), a certified copy of the state court record is attached to this Notice of Removal as *Exhibit "C."*

26. Defendant states that the Citation and Original Petition for Damages was served on Defendants, Shelter, GEICO and Progressive through the Louisiana Secretary of State on January 30, 2013. This Notice of Removal is therefore timely pursuant to 28 U.S.C. §1446(b).

27. Copies of this Notice of Removal are being served upon counsel for Plaintiff, all Defense counsel and the Civil District Court, Parish of Orleans, State of Louisiana, the court from which this action was removed.

28. Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the aforesaid state court to effect the removal of the civil action to this Honorable Court as provided by law.

29. Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant, Shelter General Insurance Company, respectfully prays that this cause proceed in this Court as an action properly removed thereto.

Respectfully submitted,
**CARTER LAW GROUP, LLC**

BY    /s/ Pamela W. Carter
PAMELA W. CARTER (#24048)
JANIS M. LEMLE (#21710)
1055 St. Charles Avenue, Suite 222
New Orleans, Louisiana 70130
Telephone: (504) 527-5055
Facsimile: (504) 527-5056

**ATTORNEYS FOR DEFENDANT, SHELTER GENERAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery      ( ) Prepaid U. S. Mail
(x) Facsimile          ( ) Other

New Orleans, Louisiana, this 1st day of March, 2013.

/s/ Pamela W. Carter
Pamela W. Carter

Company a/k/a GEICO Indemnity Company, a/k/a GEICO Casualty Company, Progressive Insurance Company a/k/a Progressive Select Insurance Company a/k/a Progressive Auto Pro Insurance Company and Martin Zentner, Number 13-212, Division "H-2," 19TH Judicial District Court, Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, a copy of said Notice of Removal being attached to this notice. *Exhibit "A"*, attached hereto. You are hereby further notified that a copy of said Notice of Removal was delivered to the court wherein said cause is now pending, which shall effect the removal of said cause from said court.

This notice is given to you in compliance with the provisions of 28 U.S.C. §1446.

New Orleans, Louisiana, this 1st day of March, 2013.

Respectfully submitted,
**CARTER LAW GROUP, LLC**

BY  /s/  Pamela W. Carter
PAMELA W. CARTER (#24048)
JANIS M. LEMLE (#21710)
1055 St. Charles Avenue, Suite 222
New Orleans, Louisiana 70130
Telephone: (504) 527-5055
Facsimile: (504) 527-5056
**ATTORNEYS FOR DEFENDANT, SHELTER GENERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery        ( ) Prepaid U. S. Mail
(x) Facsimile             ( ) Other

New Orleans, Louisiana, this 1st day of March, 2013.

/s/ Pamela W. Carter
Pamela W. Carter

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON D. HARVEY | CIVIL ACTION |
| VERSUS | NO. |
| SHELTER INSURANCE COMPANY a/k/a SHELTER MUTUAL INSURANCE COMPANY a/k/a SHELTER GENERAL INSURANCE COMPANY, | SECTION " " |
| GEICO INSURANACE COMPANY a/k/a GOVERNMENT EMPLOYEES INSURANCE COMPANY, a/k/a GEICO GENERAL INSURANCE COMPANY, PROGRESSIVE INSURANCE COMPANY a/k/a PROGRESSIVE SELECT INSURANCE COMPANY a/k/a PROGRESSIVE AUTO PRO INSURANCE COMPANY and MARTIN ZENTNER | MAG. DIV. " " |
| | JUDGE |
| | MAGISTRATE JUDGE |

## NOTICE OF REMOVAL TO ADVERSE PARTIES

TO:   Plaintiff, Sharon D. Harvey
      Through her attorney of record
      Lloyd N. Frischhertz, Esq.
      Frischhertz, Poulliard, Frischhertz & Impastato, LLC
      1130 St. Charles Avenue
      New Orleans, Louisiana 70130

**PLEASE TAKE NOTICE** that Shelter General Insurance Company, Defendant herein, has, on this date, filed a Notice to Remove a certain cause captioned *Sharon D. Harvey v. Shelter Insurance Company a/k/a Shelter Mutual Insurance Company, GEICO Insurance Company a/k/a Government Employees Insurance Company, a/k/a Progressive Insurance Company a/k/a Progressive Select Insurance Company a/k/a GEICO General Insurance*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON D. HARVEY | CIVIL ACTION |
| VERSUS | NO. |
| SHELTER INSURANCE COMPANY a/k/a SHELTER MUTUAL INSURANCE COMPANY a/k/a SHELTER GENERAL INSURANCE COMPANY, | SECTION "_____" |
| GEICO INSURANACE COMPANY a/k/a GOVERNMENT EMPLOYEES INSURANCE COMPANY, a/k/a GEICO GENERAL INSURANCE COMPANY, | MAG. DIV. "_____" |
| PROGRESSIVE INSURANCE COMPANY a/k/a PROGRESSIVE SELECT INSURANCE COMPANY a/k/a PROGRESSIVE AUTO PRO INSURANCE COMPANY and MARTIN ZENTNER | JUDGE<br><br>MAGISTRATE JUDGE |

## NOTICE OF REMOVAL AFFIDAVIT

Pamela W. Carter, being duly sworn, does depose and states as follows:

That she is an attorney of record for the Defendant, Shelter General Insurance Company, and that all of the allegations contained in its Notice of Removal and attachments thereto are true and correct to the best of her knowledge, information and belief; and

That in above-entitled action, she will file with the Clerk of the Civil District Court, Parish of New Orleans, a copy of Defendant's Notice of Removal and accompanying federal documents.

PAMELA W. CARTER

SWORN TO AND SUBSCRIBED BEFORE ME, THIS
/ST DAY OF MARCH, 2013.

NOTARY PUBLIC, STATE OF LOUISIANA
COMMISSIONED FOR LIFE
PRINTED NAME: DAVID G. EBERT
BAR ROLL OR NOTARY NO.: LAID# 2241

DAVID G. EBERT
NOTARY PUBLIC LA. ID #2241
COMMISSIONED FOR LIFE