UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON D. HARVEY | CIVIL ACTION |
| v. | NO. 13-392 |
| SHELTER INSURANCE COMPANY, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the plaintiff's motion to remand is DENIED.

**Background**

This personal injury lawsuit arises from a car accident in Orleans Parish.

On February 22, 2012 Sharon Harvey was riding as a guest passenger in a car owned and operated by Kevin Kerwin when it was involved in a rear-end collision with a car owned and operated by Martin Zentner. Kerwin had been driving his car on St. Charles Avenue when he stopped at a red light at the intersection of St. Charles Avenue and Louisiana Avenue. While stopped at the red light, Kerwin's car was struck from the rear by Zentner's car.

Ms. Harvey, a Florida resident, sued Zentner (a Louisiana resident), along with Zentner's insurer, Shelter General Insurance Company (a Missouri resident), Ms. Harvey's insurance carrier,

GEICO Insurance Company (a Maryland resident), and Kerwin's insurance carrier, Progressive Insurance Company (an Ohio resident) in state court.  On March 1, 2013, Shelter removed the lawsuit to this Court, invoking the Court's diversity jurisdiction.

Ms. Harvey now seeks to remand the lawsuit to state court.

I.
*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  "Because removal raises significant federalism concerns, the removal statute is strictly construed." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand."  Id.

*B.*

Federal Courts are courts of limited jurisdiction, possessing only the authority endowed by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001), cert. denied, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001).  Federal law allows for state civil suits to be removed to federal courts that have original jurisdiction over the action.  28 U.S.C. § 1441(a).  Suits

2

not brought under federal law "may not be removed if any of the parties in interest properly joined and served as defendants ... [are] citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied" including that the citizenship of every plaintiff is diverse from the citizenship of every defendant. Smallwood v. Illinois Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

Shelter invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332, which requires that complete diversity exists between the plaintiff and all properly joined defendants, and that the amount in controversy exceeds $75,000.

The plaintiff is a citizen of Florida. The defendants that had been served at the time of removal are completely diverse: Shelter is a citizen of Missouri; GEICO is a citizen of Maryland; Progressive is a citizen of Ohio.[1] Zentner, who had not be served at the time of removal, but was recently served on April 16, 2013, is a citizen of Louisiana. The parties are completely diverse.

---

[1] The plaintiff suggested in her reply papers that perhaps Progressive is domiciled in Florida, pointing to correspondence from plaintiff's counsel to the Louisiana Secretary of State asking that Progressive be served at an address in Florida. However, Shelter's sur-reply papers submits evidence that confirms that, while Progressive is registered to do business in Florida, it is so as a foreign corporation, and it is domiciled in Ohio.

With respect to the jurisdictional amount in controversy, Shelter has demonstrated that it exceeds $75,000.  According to the state court petition, the plaintiff alleges that she has suffered severe and permanently disabling injuries including herniated disc; she seeks lost wages and lost earnings capacity, medical expenses, damages for physical pain and suffering and mental anguish, as well as loss of enjoyment of life.  According to the Notice of Removal, the plaintiff has "demand[ed] Shelter's policy limits", which provides coverage for bodily injury in the amount of $250,000 per person/$500,000 per accident bodily injury limits.  Thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.  The Court has diversity jurisdiction over this lawsuit.

*C.*

The plaintiff raises one final issue that she contends defeats this Court's exercise of its *removal* jurisdiction:  the forum defendant rule.  The applicable removal statute incorporating the forum defendant rule provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined and served as defendants** is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2)(emphasis added). Failure to comply with the forum defendant rule renders removal procedurally defective.  See In re 1994 Exxon Chem. Fire, 558 F.3d 378, 392-94 (5th Cir. 2009).

Although the plaintiff concedes that the local defendant,

4

Zentner, had not yet been served at the time this lawsuit was removed by Shelter Insurance, the plaintiff contends that "the insurance carrier for the tortfeasor cannot remove a case from state court when its insured is a citizen of that jurisdiction." But the plaintiff invokes no authority to support this assertion. It is the plaintiff's position that the mere presence of a forum state defendant in the lawsuit, whether served or unserved, bars removal by a served, non-forum defendant under § 1441(b)(2). The Court disagrees.

The forum defendant rule codified in § 1441(b)(2) plainly provides that a civil action may not be removed if any defendant *that has been joined and <u>served</u>* is a forum defendant. But, here, at the time of removal, Zentner had not been served. The plaintiff is frustrated by this rule and complains that Zentner "has been avoiding service in a forum shopping effort." But the plain language of the statute must prevail over the plaintiff's policy arguments to the contrary.[2] The statutory forum defendant rule

---

[2]There is little opportunity for appellate courts to consider the "properly joined and served" language of the forum defendant rule in light of the reality that orders that remand a case to state court are statutorily non-reviewable on appeal. See 28 U.S.C. § 1447(d); see also Hkolmstrom v. Peterson, 492 F.3d 833 (7th Cir. 2007)(holding that the failure to comply with the forum defendant rule is a defect in the removal that bars appellate review). Even so, in addition to the plain language of § 1441(b)(2), there is support for the result reached here, as well as some scholarly debate. See, e.g., Ott v. Consolidated Freightways Crop. of Delaware, 213 F. Supp. 2d 662 (S.D. Miss. 2002); Evans v. Rare Coin Wholesalers, Inc., No. 09-259, 2010 WL 595653 (E.D. Tex. Jan. 28, 2010); Stewart v. Auguillard Constr.

5

simply does not support plaintiff's position.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, April 24, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Co., Inc., No. 09-6455, 2009 WL 5175217 (E.D. La. Dec. 18, 2009); see also 14B Wright & Miller, Federal Practice and Procedure, § 3723 (4th ed. 2009)(noting that the 1948 amendment to section 1441(b) inserted the language "and served", "which implies that a diverse, but resident defendant who has not been served may be ignored in determining removability."); see generally Saurabh Vishnubhakat, *Pre-Service Removal in the Forum Defendant's Arsenal*, 47 Gonz. L. Rev. 147 (2011-12).