UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON D. HARVEY | CIVIL ACTION |
| v. | NO. 13-392 |
| SHELTER INSURANCE COMPANY, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

**Background**

This personal injury lawsuit arises from a car accident in Orleans Parish.

On February 22, 2012 Sharon Harvey was riding as a guest passenger in a car owned and operated by Kevin Kerwin when it was involved in a rear-end collision with a car owned and operated by Martin Zentner.  Kerwin had been driving his car on St. Charles Avenue when he stopped at a red light at the intersection of St. Charles Avenue and Louisiana Avenue.  While stopped at the red light, Kerwin's car was struck from the rear by Zentner's car.

Ms. Harvey, a Florida resident, sued Zentner (a Louisiana resident), along with Zentner's insurer, Shelter General Insurance Company (a Missouri resident), Ms. Harvey's insurance carrier, GEICO Insurance Company (a Maryland resident), and Kerwin's insurance carrier, Progressive Insurance Company (an Ohio resident)

1

in state court.  On March 1, 2013, Shelter removed the lawsuit to this Court, invoking the Court's diversity jurisdiction.

Ms. Harvey had previously requested that the Court remand the case, but the request was denied in April 2013 because the parties, then-served, were completely diverse, the amount in controversy exceeded $75,000, and there was no defect otherwise precluding exercise of this Court's removal jurisdiction.

On July 10, 2013 the plaintiff requested leave to file a supplemental and amended complaint, to add Kevin Kerwin as a defendant.  Defendants Shelter Insurance Company and Martin Zentner opposed the amendment.  But on July 24, 2013 the magistrate judge granted the request to amend the complaint to add Kerwin, noting that "Defendants have not conceded that the accident was solely caused by Zentner."  Thus, the plaintiff's amended complaint was filed, and the defendants (including Kerwin and his insurance carrier, Progressive) filed their answers.  For a second time, the plaintiff now requests remand for lack of subject matter jurisdiction.  Two weeks after the plaintiff filed this second motion to remand, which is noticed for submission on October 9, Zentner and Shelter Insurance filed a motion for appeal or review of the magistrate judge's July 24 Order granting the plaintiff's motion for leave to amend the complaint to add Kerwin as a defendant.  A few days later, realizing their request was untimely, the defendants requested leave to file the motion for review of the

magistrate judge's order granting the amendment. The Court denied as untimely the defendants' request for leave to file motion for appeal or review of the magistrate judge's order. See Order dated October 3, 2013.[1]

I.

Federal Courts are courts of limited jurisdiction, possessing only the authority endowed by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001), cert. denied, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). Federal law allows for state civil suits to be removed to federal courts that have original jurisdiction over the action. 28 U.S.C. § 1441(a). Suits not brought under federal law "may not be removed if any of the parties in interest properly joined and served as defendants ... [are] citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28

---

[1] To the extent the defendants would simply advance their fraudulent joinder theory, any such argument is unavailable once the Court permits post-removal joinder of a non-diverse defendant. See Borden v. Allstate Ins. Co., 589 F.2d 168, 171 (5th Cir. 2009)(citing 28 U.S.C. § 1447(e) and noting that once the court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is inapplicable; the court loses subject matter jurisdiction and remand is required).

3

U.S.C. § 1332 are satisfied" including that the citizenship of every plaintiff is diverse from the citizenship of every defendant. <u>Smallwood v. Illinois Cent. R.R. Co., Inc.</u>, 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

When this Court denied the plaintiff's first request to remand on April 24, 2013, the Court did so because it had diversity jurisdiction and there was no defect in removal that precluded this Court's exercise of its diversity jurisdiction. However, diversity was destroyed when the magistrate judge permitted the plaintiff to amend her complaint to add Kerwin. Kerwin is a non-diverse defendant; he has in common with the plaintiff Florida citizenship. 28 U.S.C. § 1447(e) requires remand; it provides:

> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Here, joinder of Kerwin, a non-diverse defendant, was granted; Zentner and Shelter Insurance filed an untimely request to review the magistrate judge's order permitting joinder; remand is mandatory. See <u>Cobb v. Delta Exports, Inc.</u>, 186 F.3d 675 (1999)(post-removal joinder of non-diverse defendants destroys diversity for jurisdictional purposes and requires remand). This Court no longer has subject matter jurisdiction over these non-diverse parties.

Accordingly, the plaintiff's motion to remand is GRANTED. This case is hereby remanded to the Civil District Court for the

Parish of Orleans.

                          New Orleans, Louisiana, October 8, 2013

                                _____
                                   MARTIN L. C. FELDMAN
                               UNITED STATES DISTRICT JUDGE